**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Donovan HICKMAN, Defendant–**
**Appellant**

**No. 16-60079**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Date Filed: 10/20/2016

Abe McGlothin, Jr., Assistant U.S. Attorney, Glenda Ruth Haynes, Esq., Assistant U.S. Attorney, Gregory Layne Kennedy, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Mississippi, Jackson, MS, Gaines H. Cleveland, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Mississippi, Gulfport, MS, for Plaintiff–Appellee

Michael L. Scott, Esq., Thomas Creagher Turner, Jr., Esq., Federal Public Defender's Office, Southern District of

---

Mississippi, Jackson, MS, for Defendant–Appellant

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM: *

Donovan Hickman has appealed the above-guidelines statutory-maximum 24–month sentence of imprisonment imposed when his supervised release was revoked because of Hickman's alcohol abuse and law violations. Hickman contends that the reasons given for the sentence were inadequate.

Sentences imposed after revocation of supervised release are reviewed by this court under the plainly unreasonable standard of review. *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016). We ensure that " 'the district court committed no significant procedural error, such as failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range.' " *Id.* (quoting *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013)).

The record reflects that the district court made repeated efforts to help Hickman overcome his alcohol problem, which it regarded as the cause of his criminal behavior, and that Hickman continued to violate the court's orders and conditions of his supervised release. The district court's explanation for the statutory maximum sentence and its comments at prior hearings reflect that the court was motivated by the sentencing factors of deterrence and protection of the public. The sentence is not plainly unreasonable and is, therefore, AFFIRMED. *See Winding*, 817 F.3d at 913.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.